THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. PHILLIP MAROON, DEFENDANT-APPELLANT.

Middlesex County Court
Law Division

Decided November 10, 1960.
As Amended December 1, 1960.

*Mr. John P. Kozak,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Edward J. Dolan,* Middlesex County Prosecutor, attorney).

*Mr. Morris Spritzer* argued the cause for defendant-appellant (*Messrs. Spritzer & Spritzer,* attorneys).

CONVERY, J. C. C.  This is an appeal from the conviction of the defendant in the Municipal Court of the City of New Brunswick, for two violations of *R. S.* 33 :1–77, which provides that "anyone who sells any alcoholic beverage to a minor shall be guilty of a misdemeanor;  *  *  *."

The municipal magistrate obtains jurisdiction by virtue of *N. J. S.* 2*A* :8–21, which provides:

"Each municipal court, and the magistrate or magistrates thereof, shall have jurisdiction of the following offenses occurring within the territorial jurisdiction of the court:  (a) violation of the motor vehicle and traffic laws;  *  *  *  (h) offenses of a lesser grade or degree than a misdemeanor or as to which no indictment by a grand jury is required."

*N. J. S.* 2*A* :8–22 provides:

"Each municipal court, and the magistrate or magistrates thereof, shall also have jurisdiction of the following crimes or offenses occurring within the territorial jurisdiction of the court, where the person charged shall in writing waive indictment and trial by jury:  a. All cases of assault, simple assault and battery,  *  *  *  i. other criminal offenses where the penalty that may be imposed therefor does not exceed a fine of $1,000 or imprisonment for a term not exceeding 1 year;  *  *  *."

The defendant signed a waiver of indictment and trial by jury. *R. S.* 33 :1–50 provides that:

"Any person who shall: (a) Manufacture, *sell*, distribute, bottle, rectify, blend, treat, fortify, mix, process, warehouse or transport any alcoholic beverage in violation of this chapter; * * *

\*      \*      \*      \*      \*      \*      \*      \*

Shall be guilty of a misdemeanor, and punished by a fine of not less than one hundred dollars and not more than one thousand dollars, or imprisonment for not less than thirty days and not more than three years, or both." (Emphasis added)

## R. S. 33:1–51 provides that:

"Any person who shall knowingly violate any of the other provisions of this chapter shall be guilty of a misdemeanor and punished by a fine of not less than fifty dollars and not more than two hundred fifty dollars, or imprisonment for not less than ten days and not more than ninety days, or both."

*N. J. S.* 2A:85–7 provides the penalty for a misdemeanor for which no punishment is specifically provided in the following language:

"Any person found guilty of a crime which by any statute is declared to be a misdemeanor, and for which no punishment is specifically provided, shall be punished by a fine of not more than $1,000, or by imprisonment for not more than three years, or both."

It is the contention of the defendant that the municipal court was without jurisdiction to hear the charged violations of the state statute because such a violation is punishable with imprisonment for a term exceeding the one-year statutory limitation. *N. J. S.* 2A:8–22. This would be correct if the penalty to be applied in this appeal came from *R. S.* 33:1–50 or from *N. J. S.* 2A:85–7.

This court cannot disregard the ruling in *Jucker v. Recorder's Court of Town of Irvington*, 133 *N. J. L.* 12 (*Sup. Ct.* 1945), wherein the court held that *R. S.* 33:1–51 provided the penalty for violation of *R. S.* 33:1–77, in the following language:

"Any person who shall knowingly violate any of the other provisions of this chapter shall be guilty of a misdemeanor and punished by a fine of not less than fifty dollars and not more than two hundred

fifty dollars, or imprisonment for not less than ten days and not more than ninety days, or both."

By virtue of this provision the offense is one within the jurisdiction of the court because the punishment for the violation is within the requirement, "where the penalty that may be imposed therefor does not exceed a fine of $1,000 or imprisonment for a term not exceeding 1 year."

Since the magistrate had jurisdiction there is no need to consider the question of the waiver conferring jurisdiction upon the court.

The motion for dismissal of the complaint for lack of jurisdiction is denied. A date may be fixed for the trial *de novo*.